**Elena SKIBINSKI, Plaintiff–Appellant,**

v.

**ZEVNIK, HORTON, GUIBORD, MC-GOVERN, PALMER & FOGNANI, LLP, Defendant–Appellee.**

No. 02–6147.

United States Court of Appeals, Second Circuit.

March 4, 2003.

Elena Skibinski, New York, NY, for Appellant, (pro se).

Robert L. Byrne, Law Offices of Robert L. Byrne, Rye, NY, for Appellee.

PRESENT: LEVAL, Honorable F.I. PARKER, Circuit Judges, and KAPLAN,* District Judge.

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 4th day of March, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Elena Skibinski appeals from the district court's April 19, 2002 judgment granting the defendant's motion to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Skibinski, appearing pro se, appeals the dismissal arguing the merits of both (1) her claim pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, against her former employer, Zevnik, Horton, Guibord, McGovern, Palmer & Fogani, LLP ("the Zevnick firm") and (2) her allegation of improper investigation by the Equal Employment Opportunity Commission ("EEOC"). Additionally, Skibinski urges that the district court erred when it found the action time-barred and dismissed the case.

We review the district court's dismissal of a complaint pursuant to Rule 12(b)(6) de novo. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998). In addition, pro se submissions are construed liberally and are treated as raising the strongest arguments that they might suggest. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996).

■ Skibinski's claims against the EEOC must fail. As the district court correctly noted in an earlier ruling dismissing Skibinski's complaint against the EEOC and granting leave to amend, employees have no express or implied cause of action under Title VII to sue the EEOC for improper investigation or processing of employment discrimination claims. *See Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir.1997).

■ As for Skibinski's claim against her former employer, the Zevnick firm, under 42 U.S.C. § 2000e–5(f)(1), a plaintiff must file an ADEA complaint within 90 days of receipt of a right-to-sue letter from the EEOC. When Skibinski filed her initial complaint, she was 29 days beyond the statutory deadline. In granting leave to amend the complaint, the district court noted that under certain circumstances, equitable tolling may apply, *see Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam), and implicitly encouraged Skibinski to adequately explain her late filing.

However, upon refiling and on appeal, Skibinski has alleged only, and without specifics, that she had difficulty obtaining documents from the EEOC. This is insufficient to obtain equitable tolling. *See Baldwin*, 466 U.S. at 151–52, 104 S.Ct. 1723. Because Skibinski's complaint was not timely filed, and for substantially the same reasons as those cited by the district court, we affirm the dismissal.

The judgment of the district court is AFFIRMED.